### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH H. SCHROEDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 20-1036-JAR-GEB |
| | ) |
| **JENNA GALLEGOS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Joseph H. Schroeder's request to proceed in this case without prepayment of the filing fee (Motion, ECF No. 3) and his additional Motion for Pre-trial Mediation (ECF No. 4). As described below, the undersigned Magistrate Judge **RECOMMENDS** this matter be dismissed, and for that reason, **RECOMMENDS** the Motion for Pre-trial Mediation (ECF No. 4) be found moot.

Simultaneous with the filing of this Report and Recommendation, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 5.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction,

the court *must* dismiss the action."[1]  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. Background[2]

Plaintiff Joseph H. Schroeder filed this case in the Wichita, Kansas federal courthouse, claiming his primary state of residence is Florida; however, he provides only a Derby, Kansas address on all filings.[3]  He notes he files this "diversity claim under Kansas jurisdiction" for the convenience of Defendant Jenna Gallegos.

Upon review, this matter appears to be a relationship dispute.  Plaintiff outlines in great detail his personal relationship with Defendant—from their meeting on a dating site in January 2018 to their travel together and other details of their friendship.  The relationship apparently soured when Defendant allegedly began dating another man, and the friendship eventually disintegrated in late 2019.  Plaintiff contends he tried to end the relationship, but Defendant refused to discuss the situation "like adults" and she became hostile and threatening.  Plaintiff alleges when he ended the relationship, Defendant became emotionally unstable and abusive, and she then filed a Protection from Stalking ("PFS") case in state court[4] against him in retaliation for his terminating the relationship.

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

[2] Unless otherwise noted, the information recited in this section is taken from Plaintiff's Complaint (ECF No. 1).  This background information should not be construed as judicial findings or factual determinations.

[3] Additionally, Plaintiff has provided a Derby, Kansas address for each of the six prior cases he filed in this District.  *See* discussion *infra* note 14.

[4] From the context of Plaintiff's filings, the Court presumes the PFS case was filed in Sedgwick County District Court.  However, Plaintiff did not identify the court in which the matter was filed.

Plaintiff files this action to address the defamation of his character and slander, and to prevent future threats by Defendant to have him jailed by the Wichita Police Department. He asks this Court for $75,000 in damages, to find the PFS order unconstitutional, and to find the PFS order violates Plaintiff's constitutional right to fair and equal treatment.

Plaintiff offers to withdraw the lawsuit in exchange for Defendant's withdrawal of the PFS order and for her acceptance of responsibility for the failure of their relationship. He also asks in his Motion for Pre-trial Mediation that the parties be required to try "to resolve [this] matter without wasting anymore of the [Court's] time." (ECF No. 4.)

## II. Analysis

As recited above, although Plaintiff has been permitted to proceed with this case *in forma pauperis* under 28 U.S.C. § 1915(e)(2), that statute requires the Court to examine the pleadings for merit when determining Plaintiff's financial ability to pursue the action. The Court, on its own motion, must dismiss the case if it finds the action: 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Additionally, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss the case "[i]f the court determines at any time that it lacks subject-matter jurisdiction."[5] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[6] However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized

---

[5] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

).
Case 6:20-cv-01036-JAR-GEB   Document 6   Filed 04/13/20   Page 4 of 8

legal claim could be based"[7] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8]

The Court has thoroughly reviewed Plaintiff's Complaint, along with his Motion to Proceed *In Forma Pauperis* and his Motion for Pre-trial Mediation (ECF Nos. 3, 4). Nothing the Court reviewed makes this case appear anything but an attempt to overturn the PFS order of the state court.

For this reason, this Court lacks subject matter jurisdiction, or power, over Plaintiff's claim. Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction."[9] Although Plaintiff claims a violation of his Constitutional rights, the pleadings clearly demonstrate the focus of this matter is the state court PFS order. Plaintiff asks the Court to overturn the state court ruling. But the *Rooker-Feldman* doctrine prevents this Court from hearing what is essentially the appeal of a state court judgment.[10] "[A] federal district court cannot review matters actually decided by a state court, nor can it issue 'any declaratory relief that is inextricably intertwined with the state court judgment.'"[11] Even though Plaintiff characterizes his claim as a violation of his federal Constitutional rights, such a claim is found to be "inextricably intertwined if the federal claim succeeds

---

[7] *Id.*

[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

[9] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003)).

[10] *Fellows v. State of Kan.*, No. 04-4131-JAR, 2005 WL 752129, at *3 (D. Kan. Mar. 31, 2005) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)).

[11] *Fellows*, 2005 WL 752129, at *3 (citing *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted)).

4

only to the extent that the state court wrongly decided the issues before it."[12]  Here, Plaintiff's current federal claim would not exist, were it not for the state court decision regarding the order of protection, and the *Rooker-Feldman* doctrine bars this Court's review of that state court decisions.

Notably, the *Rooker-Feldman* doctrine only applies to a final conclusion in the state court. This Court does not have sufficient information to determine the finality of the PFS ruling; however, even if the state court proceedings remain ongoing, this Court must abstain from interfering with those proceedings under the *Younger* abstention doctrine.[13]

And, although Plaintiff attempts to support diversity jurisdiction over his claim by claiming his residence is located in Florida, he provides no address or other proof of an alleged out-of-state residence.  But whether or not he truly resides out of state, this Court cannot assume jurisdiction over a state court matter.

Even if this Court did not lack jurisdiction over Plaintiff's claim, the undersigned recommends the case be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B(i).  If, in fact, Plaintiff is prohibited from contacting Defendant by a state court PFS order, it appears the filing of this case could invite a challenge by Defendant regarding whether the filing of this case may potentially violate that order.  Plaintiff admits as much in his Complaint, stating "According to Defendant and Wichita Police, filing this [lawsuit] violates the PFS . . . From this is logic, it should be assumed that putting the toilet paper over the top instead of the bottom is a violation of the PFS." (ECF No. 1 at ¶16.)  Although the Court has not seen

---

[12] *Id*. (citing *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995) (citation omitted)).
[13] *Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014) (citing *Ass'n of Cmty. Orgs. For Reform Now v. Municipality of Golden*, 744 F.2d 739, 742 (10th Cir.1984)) (discussing the *Younger* abstention doctrine).

the PFS order, Plaintiff's current claim appears frivolous and malicious under § 1915(e)(2)(B)(i) and, by Defendant's own admission, presented for the purpose of trying to resolve the PFS action.[14]

After careful review, and being mindful that Plaintiff proceeds on a pro se basis, the Court finds Plaintiff fails to allege a basis for this Court to assume jurisdiction over his claim. Additionally, the Court finds Plaintiff's claim to be frivolous and/or malicious. Therefore, it is recommended that the Court dismiss this case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## III.  Other Cases

The Court also notes this is one of seven (7) civil cases filed by Plaintiff in this District—four of which were filed within the past year.[15] None of his claims have progressed to scheduling or discovery. Three of his claims were dismissed on either his voluntary or stipulated dismissal; two were dismissed on the granting of defendants' motions to dismiss, and one was dismissed after the Magistrate Judge recommended the

---

[14] In ¶ 20 of the Complaint, Plaintiff states he "will withdraw this suit if Defendant agrees to have the PFS of Jan 14th vacated backdated to that day, take responsibility for the relationship falling apart due to her never ending lies, and give up her whale hunt." (ECF No. 1 at 4.)

[15] *See Schroeder II v. Navient*, No. 15-1177-EFM-GEB (D. Kan. filed June 8, 2015, closed January 27, 2016 on Plaintiff's voluntary dismissal); *Schroeder v. Kahrs Law*, No. 15-1178-JTM-KGG (D. Kan. filed June 8, 2015, case dismissed Oct. 7, 2015 after Defs.' motion to dismiss for failure to state a claim was granted); *Schroeder v. Lubbers Chevrolet*, No. 16-1412-JTM-KGG (D. Kan. filed Nov. 16, 2016, closed Nov. 29, 2016 after the parties stipulated to dismissal following the magistrate judge's recommendation of denial of Plaintiff's request to proceed *in forma pauperis*); *Schroeder v. Cheyenne Manufacturing*, No. 19-1130-JWB-KGG (D. Kan. filed May 21, 2019, closed July 17, 2019 after the district court granted Def.'s motion for dismissal for lack of jurisdiction); *Schroeder v. Nebraska Furniture Mart*, No. 19-1131-JWB-KGG (D. Kan. filed May 21, 2019, closed July 16, 2019 after the district court upheld the magistrate judge's recommendation of dismissal for failure to state a claim); *Schroeder v. Riseco*, No. 19-1132-JWB-GEB (D. Kan. filed May 21, 2019, closed July 12, 2019 on Plaintiff's voluntary dismissal).

case for dismissal.[16] In light of this, the undersigned also recommends to the District Court that filing restrictions be imposed against Joseph H. Schroeder. "The goal of fairly dispensing justice is compromised when the court is forced to devote limited resources to processing repetitious and frivolous" requests.[17]

## IV.   Conclusion

As set forth above, the undersigned U.S. Magistrate Judge makes the following recommendations under 28 U.S.C. § 636(b)(1)(B).

**IT IS THEREFORE RECOMMENDED** that this case be dismissed with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER RECOMMENDED** that, in light of this recommendation of dismissal, Plaintiff's Motion for Pre-trial Mediation (**ECF No. 4**) be **DENIED as MOOT**.

**IT IS FURTHER RECOMMENDED** that filing restrictions be imposed against Joseph H. Schroeder.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy

---

[16] *See* discussion *supra* note 14.
[17] *Punchard v. U.S. Gov't*, 290 F. App'x 160, 162 (10th Cir. 2008) (upholding the district court's imposition of filing restrictions) (quoting *In re Sindram*, 498 U.S. 177, 180 (1991)).

of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[18]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 13th day of April, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[18] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).